UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:23-cr-62 |
| TERRY WHITE, | ) |
| Defendant. | ) |

# ORDER

Defendant Terry White moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 45). The Government does not oppose the motion. For the reasons that follow, the motion will be granted.

Compassionate release is authorized by 18 U.S.C. § 3582(c)(1)(A). There are three steps in the analysis. First, the district court must find whether extraordinary and compelling reasons warrant a sentence reduction. United States v. Jones, 980 F.3d 1098, 1107-08 (6th Cir. 2020). Second, the district court must find whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission—here, U.S.S.G. § 1B1.13. Id. at 1108. Finally, the district court must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction is warranted in whole or in part under the particular circumstances of the case. Id.

The Court has considered White's motion and finds that extraordinary and compelling reasons warrant a sentence reduction, that a sentence reduction is consistent with the U.S.S.G., and that under the § 3553(a) factors, a sentence reduction is warranted. See id. White's eight-year-old son was diagnosed with a cancerous brain tumor in October 2025 that cannot be cured, and his

son's condition continues to deteriorate. (Doc. No. 45 at 3-6). Without treatment, children with White's Son's condition generally have only sixth months to live, and with treatment, survival time can only be extended nine to eleven months. Id. White has served a majority of his previously ordered sentence for violating 18 U.S.C. § 922(g)(1), and is currently scheduled to be released on August 17, 2026—approximately six months from now. (Doc. No. 49 at 1). The Government agrees that compassionate release is warranted because the "terminal illness" of White's "young son" is an "extraordinary and compelling reason for the relief." The Court agrees that "the §3553(a) factors obviate in favor of relief" because White "has served virtually all of his previously ordered sentence, and there appears to be little to be gained by insisting he serve the final six months of his sentence when he could otherwise be at liberty (and still under court supervision) to provide support for his eight year old son in what may be the child's last days." (Id.).

White's Motion for Compassionate Release (Doc. No. 45) is **GRANTED**. White's sentence of imprisonment is hereby reduced to **TIME SERVED**. The Bureau of Prisons is **DIRECTED** to release Defendant from custody. Upon release, White shall be placed on supervised release for a term of three years, subject to all conditions of supervised release previously imposed (See Doc. No. 43, Judgment), with the additional condition that White be permitted to travel outside of the district to visit his son.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE